In the United States District Court
For the Southern District of Maryland

Pierre Hicks,
Tanya Hicks,

    Claimant(s)

Case No. PWG 16 CV 2859

BWW Law Group LLC,
Carrie M. Ward, Howard N. Bierman,
Jacob Geesing, Pratima Lele,
Joshua Coleman, Richard R. Goldsmith Jr.,
Ludeen McCartney-Green, Jason Kutcher,
Elizabeth C. Jones, Nicholas Derdock,
John E. Driscoll, David K. McCloud,
Alex Cooper Auctioneers Inc,

    Respondent(s)

## Verified Claim for Damages

Natural persons and consumer creditors Pierre Hicks and Tanya Hicks file this Verified Claim for Damages against the above named Respondents.

## Jurisdiction and Venue

Jurisdiction is based on **Federal Question Jurisdiction 28 USC § 1331**, Article III of the Constitution for the United States of America and laws established by Congress, and 15 USC § 1692 et al, the Fair Debt Collection Practices Act (FDCPA or Act).

15 USC § 1692 et al, the FDCPA is the **only** law that Claimants rely on and it alone governs this action.

1. Claimants are 15 USC § 1692a(3) consumers, natural persons that obtained consumer goods for personal, family and household purposes;
2. Respondents are 15 USC § 1692a(6) debt collectors;
3. Respondents practice involves collecting debts as the Act defines it;
4. Respondents violated provisions of the FDCPA in attempting to collect an alleged debt.
5. Respondents failed or refused to pay damages assessed by Claimants enforcing their private right of action.

## Judicial Notice

Take Judicial Notice that the language of this case will be the Plain Writing Act of 2010, 5 USC § 301 note. Any legalese language will be deemed unintelligible, obscene, profane and abusive to the hearer or reader and a violation of 15 USC § 1692d(2).

Take Judicial Notice that Congress did not exempt Attorney pleadings from FDCPA, any violations will result in additional damages assessed by consumers.

Take Judicial Notice that Claimant(s) rely heavily on the Consumer Financial Protection Bureau (CFPB), its consent orders and *amicus* briefs against numerous Debt Collectors engaged in debt collection.

Take Judicial Notice that the CFPB is charged with "regulating the offering and provision of consumer financial products and services under the Federal consumer financial laws," which include the FDCPA. The FDCPA authorizes the Bureau to enforce the Act and to "prescribe rules with respect to the collection of debts by debt collectors." 15 U.S.C. §§ 1692l(b), (d). To ensure compliance, the **FDCPA gives consumers a private right of action to sue for violations of the law and to recover actual and statutory damages as well as attorneys' fees**. 15 U.S.C. § 1692k(a). The Act also authorizes the Bureau, the Commission, and several other agencies to enforce its requirements. Id. §§ 1692l(a), (b). The Bureau also has significant additional authorities in implementing the Act: The Bureau may issue advisory opinions interpreting the law and may prescribe rules under the Act "with respect to the collection of debts by debt collectors." Id. 1692k(e), 1692l(d). The Bureau is the first agency to have general rulemaking authority under the FDCPA.

Take Judicial Notice that in Bock v. Pressler & Pressler, LLP, No. 15-1056 (Bock), this case involves a claim under the Act against a debt-collection law firm that filed a state-court collection action against a consumer. The CFPB in its *amicus* brief stated it "has a substantial interest in plaintiffs' standing under Article III to bring suit in federal court to assert their rights under the FDCPA. Although the Bureau and various other federal agencies have authority to enforce the Act, 15 U.S.C. § 1692*l*, Congress intended the Act to be "**primarily self-enforcing**," in that "**consumers who have been subjected to collection abuses will be enforcing compliance**," S. Rep. No. 95-382, at 5 (1977)."

Take Judicial Notice that the CFPB continues in Bock that "an unduly narrow understanding of Article III standing would limit consumers' ability to exercise the Act's **private right of action** and thereby weaken an important supplement to the Bureau's own enforcement efforts."

Take Judicial Notice that the CFPB in Bock states that the "district court found based on the undisputed facts, that Pressler & Pressler violated the FDCPA by misrepresenting that an attorney was meaningfully involved in the debt-collection suit that the firm filed against him. Bock has therefore suffered the "invasion of a legally protected interest." The FDCPA prohibits debt collectors from "using any false, deceptive, or misleading representation or means" to collect a debt, 15 U.S.C. § 1692e, and it authorizes a **consumer to recover actual and statutory damages from "any debt collector who fails to comply with" that provision "with respect to" the consumer,** *id.* § 1692k(a). Together, these provisions grant consumers like Bock a legally protected interest in not being subjected to misleading debt-collection communications."

Take Judicial Notice that in Ho v. ReconTrust, N.A. The CFPB addresses that a trustee who forecloses on a deed of trust qualifies as a "debt collector" under the general definition of that term in the Fair Debt Collection Practices Act.

### FDPCA Violations and the Damages Assessed by Consumer Creditors

1. 15 USC § 1692c(b) – Without the expressed prior consent of the consumers or a court of competent jurisdiction, the Respondents ran an ad in the Montgomery County Sentinel for 3 weeks after receiving a FDCPA demand for verification and validation of the alleged debt. 3 violations, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $90,000;
2. 15 USC § 1692d(4) – #1 harassed the consumers. 3 violations, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $90,000;
3. 15 USC § 1692c(b) – Without the expressed prior consent of the consumers or a court of competent jurisdiction, the Respondents (excluding ACAI) caused to be published information concerning the upcoming sale of consumer's consumer goods on alexcooper.com website for 21 days after receiving a FDCPA demand for verification and validation of alleged debt. 21 violations, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $630,000;
4. 15 USC § 1692d(4) – #3 harassed the consumers. 21 violations, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $630,000;
5. 15 USC § 1692e(2)(A) – Respondents (excluding ACAI) caused an illegal non-judicial forced sale of the consumer's consumer goods with false representation of the character, and legal status of the alleged debt. 1 violation, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $30,000;
6. 15 USC § 1692f(6)(A) – Respondents (excluding ACAI) caused an illegal non-judicial forced sale of consumer's consumer goods with no enforceable security interest after receiving a 15 USC § 1635 notice of rescission. 1 violation, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $30,000;
7. 15 USC § 1692g(b) – Respondents (excluding ACAI) failed or refused to provide verification and validation as required by the FDCPA and did not cease collection action. 1 violation, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $30,000;
8. 15 USC § 1692i(a)(1) – Respondents (excluding ACAI) failed to bring an action in the judicial district. 1 violation, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $30,000;
9. 15 USC § 1692j(a) – Alleged creditor not participating in the action of debt-collector. 1 violation, 12 Respondents (excluding ACAI) assessed $2,500 each, totaling $30,000;
10. Court filings are not exempt from the Act. Respondent's motion in Claimants prior removal motion uses terminology totally outside of the four corners of the FDCPA. Terms such as "Promissory Note", "Deed of Trust", "Assignment of Deed of Trust", "Mortgage", "in rem", "investor", "loan", "power of sale", and "foreclosure" violate the FDCPA. Claimant(s) assess 35 additional FDCPA violations $2,500 per Respondent (12 Respondents) in additional damages for each and every violation of the Act totaling $1,050,000.
11. 15 USC § 1692k(a)(1) – Actual damages sustained by consumers for 12 Respondents (excluding ACAI) violating the FDCPA. $332,800 plus damages assessed for violations 1-10 totaling $2,972,980.

### FDPCA Violations and the Damages Assessed by Consumer Creditors cont.

12. 15 USC § 1692c – Without consumer's expressed prior consent Respondent ACAI published information on the alexcooper.com website for 21 days. 21 violations, Respondent ACAI assessed $2,500 per violation, totaling $52,500;
13. 15 USC § 1692d(4) – Respondent ACAI advertised the sale of consumer's consumer goods on their website for 21 days. 21 violations, Respondent ACAI assessed $2,500 per violation, totaling $52,500;
14. 15 USC § 1692e(2) – Respondent ACAI conducted an illegal non-judicial forced sale of consumer's consumer goods with false representation of the character, and legal status of the alleged debt after receiving a 15 USC § 1635 notice of rescission. 1 violation, Respondent ACAI assessed $25,000;
15. 15 USC § 1692f(6)(A) – Respondent ACAI conducted an illegal non-judicial forced sale of consumer's consumer goods with no enforceable security interest. 1 violation, Respondent ACAI assessed $25,000;
16. 15 USC § 1692k(a)(1) – Actual damages sustained by consumers for Respondent ACAI violating FDCPA. $332, 800 plus damages assessed for violations 11-15 totaling $487,800.

### Conclusion

Claimants move for an order issued by this Court ratifying the 15 USC § 1692k(1) actual damages assessed by consumers in consumer's private right of action in the amount of $2,972,980 against BWW Law Group LLC, Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith Jr., Ludeen McCartney-Green, Jason Kutcher, Elizabeth C. Jones, Nicholas Derdock, John E. Driscoll, David K. McCloud, individually and mutually, for violations of the FDCPA.

Claimants move for an order issued by this Court ratifying the 15 USC § 1692k(1) actual damages assessed by consumers in consumer's private right of action in the amount of $487,800 against Alex Cooper Auctioneers Inc, for violations of the FDCPA.

Consumers move for any punitive damages that the Court shall assess based on 15 USC § 1692k(2)(A).

Respectfully submitted,

_____          _____
Pierre Hicks                                              Tanya Hicks

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished by USPS Certified Mail postage prepaid, this 12th day of August 2016 to:

BWW LAWGROUP LLC,
Carrie M. Ward,
Howard N. Bierman,
Jacob Geesing,
Pratima Lele,
Joshua Coleman,
Richard R. Goldsmith Jr.,
Ludeen McCartney-Green,
Jason Kutcher,
Elizabeth C. Jones,
Nicholas Derdock,
John E. Driscoll,
David K. McCloud,
c/o
JACOB GEESING
SUITE 101
6003 EXECUTIVE BLVD
ROCKVILLE, MD 20852

ALEX COOPER AUCTIONEERS, INC
c/o
JOSEPH A. COOPER
908 YORK ROAD
TOWSON, MD 21204

CONSUMER FINANCIAL PROTECTION BUREAU
1700 G STREET
WASHINGTON, DC 20552

Mailed by: _____
Pierre Hicks