IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| PIERRE HICKS, *et al.*, | * | |
| PLAINTIFFS, | * | |
| v. | * | CASE NO.: PWG-16-2859 |
| BWW LAW GROUP LLC, *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Pierre Hicks and Tanya Hicks, who are proceeding *pro se*, filed a Complaint on August 12, 2016 alleging that Defendants[1] violated the Fair Debt Collection Practice Act (the "FDCPA"), 15 U.S.C. § 1692, through their attempts to collect a purported debt from Plaintiffs and their "illegal non-judicial forced sale of the consumer's consumer goods with false representation of the character, and legal status of the alleged debt." Compl. 3, ECF No. 1. On October 3, 2016, Plaintiffs filed an Emergency Request for Injunctive Relief ("Motion"), and Mr. Hicks filed a letter seeking further relief. *See* Pls.' Mot., ECF No. 10; Mr. Hicks Ltr., ECF No. 9.[2] Plaintiffs assert that Defendants "conducted an illegal debt collection action" in the Circuit Court for Montgomery County and "were granted a Judgment of Possession." Pls.' Mot. 1. They attach the state court judgment, awarding possession of Plaintiffs' real property at

---

[1] Defendants include BWW Law Group LLC, Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Elizabeth C. Jones, Nicholas Derdock, John E. Driscoll, David K. McCloud, and Alex Cooper Auctioneers, Inc.

[2] Having reviewed Plaintiffs' filings, I find that neither Defendants' response nor a hearing is necessary. *See* Loc. R. 105.2(a), 105.6.

10406 Damascus Park Lane, Damascus, Maryland 20872 to U.S. Bank, N.A. as Trustee. ECF No. 10-1. Plaintiffs ask "to be protected by an order of injunction concerning consumer goods that were obtained for personal, family and household purposes." *Id.* In the accompanying letter, Mr. Hicks claims that the Defendants persist with the collection activity that is the subject of Plaintiffs' Complaint and "are seeking to dispossess [Mr. Hicks] and [his] family from [their] dwelling." Mr. Hicks Ltr. 1. He asks the Court "to issue an order to the Respondents to cease all collection activities until this case is resolved." *Id.* I construe both filings together as a motion for injunctive relief. *See* Fed. R. Civ. P. 1. Because Plaintiffs have not shown that they are likely to succeed on the merits and because some of the relief they seek runs contrary to the Anti-Injunction Act, 28 U.S.C. § 2283, I will deny their request for injunctive relief.

The purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). A preliminary injunction cannot be issued without notice to the nonmovant. *See* Fed. R. Civ. P. 65(a)(1). Here, Plaintiffs provide a Certificate of Service, stating that Mr. Hicks mailed the Motion to "Carrie M. Ward, et al." ECF No. 10-1.

To prevail on a motion for injunctive relief, a party must "establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). The plaintiff must satisfy each requirement for the Court to grant injunctive relief. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342,

347 (4th Cir. 2009). Importantly, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Plaintiffs' Motion does not show how they likely would succeed on the merits because their Motion is "conclusory [and] relies entirely on the allegations of the complaint." *Sall v. Bounassissi*, No. DKC-10-2245, 2010 WL 5139032, at *2 (D. Md. Dec. 1, 2010). Although Plaintiffs' Complaint only references consumer goods, Mr. Hicks's letter seeking further relief references their real property. Compl.; Mr. Hicks Ltr. Consequently, it is unclear whether Plaintiffs claim Defendants violated the FDCPA in regards to their personal or real property. Nonetheless, Plaintiffs' pleadings include correspondence between the parties, apparently to show Defendants' alleged FDCPA violations. *See* Exs. A–K, ECF Nos. 1-2 – 1-12; Fed. R. Civ. P. 10(c). Exhibit I is correspondence between Mr. Hicks, the Consumer Financial Protection Bureau, and Defendant BWW Law Group ("BWW"). *See* Ex. I, ECF No. 1-10. In the correspondence, BWW stated that Plaintiffs' allegations of FDCPA violations were "not true." *Id.* BWW asserted that Hicks sent it "a letter disputing the debt and seeking verification of the debt . . . six years after [BWW's] initial disclosures were made to him under the FDCPA." *Id.* Further, BWW "advertised the sale [of Mr. Hicks's real property] as required by law and mailed notice of the sale to the complainant." *Id.* Moreover, Hicks "participated in the pending foreclosure action . . . [by] fil[ing] a motion to stay the foreclosure sale alleging that [BWW] had no right to foreclose. That motion was denied." *Id.* This suggests that BWW complied with the FDCPA.

However, Plaintiffs identify evidence that contradicts BWW's assertions. Specifically, Mr. Hicks states that BWW's "initial illegal debt collection case . . . was opened on 6/8/2010 and dismissed with prejudice on 5/3/2011." Ex. I. Additionally, Mr. Hicks claims that BWW

Case 8:16-cv-02859-PWG Document 12 Filed 10/13/16 Page 4 of 4

"initiated a new illegal debt collection case . . . on 11/17/2015" but neglected to provide him with a debt verification letter. *Id.* at 3. Given the lack of clarity as to how Defendants violated the FDCPA, Plaintiffs did not show that they are "likely" to prevail on their claim that Defendants violated the FDCPA, only that the Defendants may have violated the FDCPA. *See Winter*, 555 U.S. at 21. Consequently, Plaintiffs have not shown that this Court should exercise this "extraordinary remedy" and grant injunctive relief. *Id.* at 22. Moreover, Plaintiffs' failure to satisfy the first requirement for injunctive relief is dispositive because a plaintiff must meet all four requirements for a Court to grant injunctive relief. *Real Truth About Obama*, 575 F.3d at 347.

Finally, insofar as Plaintiffs seek relief with regard to the state court judgment specifically, this Court cannot issue an injunction to protect Plaintiffs from a judgment entered by the Circuit Court for Montgomery County. The Anti-Injunction Act states that a federal court cannot grant "an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Court cannot enjoin the Circuit Court for Montgomery County because the "three specifically defined exceptions" do not apply to this case. *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see Henry v. Aurora Loan Servs., LLC*, No. TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. March 25, 2016).

Accordingly, on this <u>13</u>th day of <u>October, 2016</u>, Plaintiffs' motion for injunctive relief IS DENIED.

                                                          /S/
                                               Paul W. Grimm
                                               United States District Judge